IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID MCINTYRE and MADELEINE CONNOR, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:16-CV-490 RP |
| ERIC CASTRO, NANCY NAEVE, GARY SERTICH, LEAH STEWART and CHUCK MCCORMICK, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1), 12(b)(6) and Chapter 27 of Texas Civil Practice & Remedies Code, (Dkt. 5), Rule 11(c) Motion for Sanctions, (Dkt. 21), Opposed Motion to Dismiss State Law Claims, (Dkt. 25), Opposed Rule 42(a) Motion to Consolidate (Dkt. 28), and Unopposed Motion to Set Hearing.[1] (Dkt. 33). Also before the Court are Plaintiffs' Amended Opposed Motion for Leave to Serve Supplemental Pleading, (Dkt. 23), Amended Motion for Leave to File Addendum to Plaintiffs' Response to Defendants' Motion to Dismiss, (Dkt. 24), Opposed Motion to Order Mediation. (Dkt. 38). Having reviewed the pleadings, the parties' submissions, and the applicable law, the Court issues the following order.

## BACKGROUND

Plaintiffs David McIntyre ("McIntyre") and Madeleine Connor ("Connor") originally filed this action in Texas state court. Defendants first removed the action to this Court, under cause number 1:15-cv-1100, based on Plaintiffs' assertion of a federal cause of action. Plaintiffs thereafter filed their Sixth Amended Complaint.

---

[1] Plaintiffs oppose this motion.

In that complaint, Plaintiffs named as defendants Eric Castro, Nancy Naeve, Gary Sertich, Leah Stewart and Chuck McCormick, each of whom are or were Directors of the Lost Creek Municipal Utility District (the "MUD"). Plaintiffs alleged in 2012 the MUD began a plan to install sidewalks in the Lost Creek neighborhood. They, and other neighborhood homeowners, opposed the plan. According to Plaintiffs, in September 2013 the plan was rejected in a neighborhood referendum. (6th Am. Compl. ¶ 16).[2]

Plaintiffs alleged that, despite the referendum, "[b]y mid-2015, not only had the MUD secretly installed several stretches of sidewalks throughout the District in opposition to its constituents' vote, it began a campaign to install a four-block length of sidewalks along Lost Creek Blvd." (*Id.* ¶ 17). Plaintiffs alleged that the MUD directors improperly lobbied Travis County officials and falsely indicated the neighborhood had changed its mind on the sidewalk installation plan. Further, they state that in an August 2015 MUD meeting, the defendants issued false data indicating lack of opposition to the plan and "gaveled down" unidentified homeowners who attempted to object to the data. (*Id.* ¶¶ 18-19).

On October 26, 2015, McIntyre applied for a temporary restraining order to prevent defendants from voting on the sidewalk plan. The application was denied. The following day, at a MUD meeting, Defendants voted not to go forward with the plan. Because Plaintiffs continued to be concerned that Defendants will at some point vote to go forward with the sidewalk plan, McIntyre applied for a temporary restraining order two additional times and also applied for mandamus relief. The applications have all been denied. (*Id.* ¶¶ 20-23).

Plaintiffs alleged they have publicly criticized Defendants about the sidewalk plan prior to and during the pendency of this suit. According to Plaintiffs, Defendants have commented in a

---

[2] Because the Court does not find Plaintiff's Sixth Amended Complaint in the record, the Court attaches the Complaint to this order.

pejorative way about Plaintiffs and this suit, have orchestrated a campaign of personal destruction, participated in an action to recall Connor from her position as Lost Creek Neighborhood Association president, and "were present and facilitated an aggressive mob on December 13, 2015, wherein approximately 125 residents jeered, shouted down, booed, cat called, and laughed at Plaintiff Connor for more than two hours during a neighborhood association meeting, causing Connor severe emotional distress." (*Id.* ¶¶ 24-26).

Plaintiffs asserted seven counts in their Sixth Amended Complaint. In the first six they sought declaratory relief, declaring Defendants acted outside the scope of their authority under the Texas Constitution and Texas statutes, as well as contrary to the will of their constituents, in using taxpayer and utility district funds to construct sidewalks. (*Id.* ¶¶ 27-39). In their seventh count Plaintiffs sought monetary damage under 42 U.S.C. § 1983 for retaliation by Defendants in response to Plaintiffs' exercise of their rights under the First Amendment to the United States Constitution. (*Id.* ¶¶ 40-45).

The Court dismissed the Plaintiff's federal cause of action, finding that Plaintiff had pleaded insufficient facts to plausibly allege Defendants' involvement in all but two of the purportedly retaliatory acts. The two acts for which Plaintiff sufficiently alleged Defendants' involvement were the signing of a petition to recall Connor as president of the neighborhood association and Defendants' transmission to the community of an electronic update on Plaintiffs' litigation that Plaintiffs found pejorative. The Court found as to the first act that Plaintiff had not alleged facts suggesting Defendants acted under color of state law. As to the second act, the Court found that the update itself, which was incorporated in the complaint by reference, was simply not pejorative. Following the dismissal of the federal claim, the Court remanded the state law claims to state court.

Plaintiffs appealed the dismissal of Connor's federal claim. While the case was on appeal, Plaintiffs filed a Seventh Amended Petition in state court. The new complaint contains largely the

3

same general facts as the prior one, though some allegations have been removed, such as references to Plaintiffs' successive unsuccessful applications for temporary restraining orders. Plaintiffs' first five counts under state law also remain unchanged. In the sixth count, Plaintiffs removed a request for a declaration that the use of tax funds to construct sidewalks violates the Texas Constitution. Count Six, as amended, now seeks a declaration that Defendants exceeded their authority by using tax funds to draft a bar ethics complaint against Connor. Count Seven remains a federal claim under § 1983 for the violation of Connor's First Amendment rights. Plaintiffs restyled the previously dismissed "retaliation" claim as an "abridgment" claim and shifted the bulk of their same retaliation allegations to a new eighth count, which alleges First Amendment retaliation under the Texas Constitution. Connor added two additional counts for defamation per se and intentional infliction of emotional distress.

Defendants again removed the action to this Court on April 19, 2016 under the above cause number and filed the instant motion to dismiss on May 5, 2016. The Court stayed the action on May 20, 2016, until the Fifth Circuit ruled on Plaintiffs' appeal of the Court's prior order dismissing Connor's First Amendment claim. The Fifth Circuit issued its judgment affirming this Court's order on December 19, 2016. The Court lifted the stay on March 21, 2017.

## LEGAL STANDARD

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]"

4

devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Throughout this process, the court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## DISCUSSION

**1.    Connor's § 1983 Claim**

As the Court has previously dismissed Connor's First Amendment cause of action for failure to state a claim, it is helpful at the outset to examine how Plaintiffs have amended their pleadings.

Connor insists that she is raising an "abridgment" claim which is distinct from the "retaliation" claim this Court has dismissed. To make this change, she has swapped the word "retaliated" with "abridged" in several instances, (*Compare* 6th Am. Compl. ¶ 41(iii) ("Was retaliated against for speaking out . . .") *with* 7th Am. Pet. 7th Am. Pet. ¶ 32(ii) ("Her speech was abridged for speaking out . . .")), or simply omitted the reference to retaliation (*Compare* 6th Am. Compl. ¶ 42 ("Defendants, under color of law, took retaliatory action against Plaintiff . . .") *with* 7th Am. Pet. ¶ 33

5

("Defendants, under color of law, took action against Plaintiff . . . to abridge her speech . . .")). At least in these sentences, the factual allegations that surround these words remain the same.

More broadly, Plaintiffs significantly pared down the facts supporting Connor's federal claim. For example, Plaintiffs removed allegations that Defendants "engaged in a campaign of personal destruction against Connor," organized an initiative to recall Connor as president of the neighborhood association, organized a "mob of residents" to harass her at a neighborhood association meeting, blocked Plaintiff's access to the NextDoor social network, and sent a "defamatory" newsletter to neighborhood residents. (*Compare* 6th Am. Compl. ¶¶ 41(ii), 41(v), 42(c)–(e), 43–45, *with* 7th Am. Pet. ¶ 32). Some of these allegations were removed altogether from the operative complaint while others were shifted to Plaintiffs' new retaliation claim under the Texas Constitution. (*See* 7th Am. Pet. ¶¶ 33–34). Plaintiffs' sole new allegation in support of the federal claim is that "Defendants unlawfully used tax funds to draft a bar complaint against Ms. Connor." (*Id.* ¶ 33(c)).

It is clear from the above that the nature of Connor's federal claim has not changed. Despite writing "abridged" where "retaliated" once was, Plaintiffs' allegations still concern the retrospective actions of Defendants in response to her unfettered exercise of speech, not the prospective restrictions on speech that typify abridgment claims. *See, e.g.*, *Meyer v. Grant*, 486 U.S. 414 (1988) (statutory prohibition against paying petition circulators abridged political speech); *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502 (5th Cir. 2009) (school dress code did not violate students' First Amendment Rights). In their response to Defendants' motion to dismiss, Plaintiffs state that they have alleged facts to support an abridgment claim, in particular, that Defendants caused them to be excluded from a NextDoor social network forum. (Pl.'s Resp. Mot. Dismiss, Dkt. 12, at 2). Plaintiffs are mistaken. Their Seventh Amended Petition includes no reference to the NextDoor forum. Plaintiffs *had* included the allegation in their Sixth Amended Complaint, but this

Court found that it failed to support Connor's claim because it did not plausibly show Defendants' involvement in the action. (Order, Cause No. 1:15-cv-1100-RP, Dkt. 20, at 4). That finding was explicitly affirmed by the Fifth Circuit. *McIntyre v. Castro*, No. 16-50371, 2016 WL 6310826, at *1 (5th Cir. Oct. 27, 2016) ("The district court . . . correctly determined that "[Plaintiffs'] vague assertions fall short of . . . establishing the personal involvement required to state a claim under Section 1983 . . . ."). As was also noted in this Court's prior order, and affirmed by the Fifth Circuit, a defendant's personal involvement in the violative conduct is a general requirement for liability under § 1983 regardless of the underlying constitutional theory asserted. *See id.* Thus, it makes no difference whether Connor labels her alleged exclusion from a social network forum "retaliation" or "abridgment"—the allegation still falls short of stating a claim under § 1983.

Since the balance of Plaintiff's allegations clearly addresses Defendants' retrospective retaliation against Connor for the exercise of her speech, the Court will analyze her claim under the appropriate rubric for First Amendment retaliation. To establish a claim for retaliation in violation of the First Amendment, a plaintiff must show that: (1) she "engaged in constitutionally protected activity, (2) the defendants' actions caused [her] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

In light of this Court's previous dismissal of Connor's nearly identical claim, the Court will examine only whether Plaintiffs' new factual allegations suffice to state a plausible claim. As noted above, the sole accusation added to support Connor's federal claim is that Defendants unlawfully used tax funds to draft a bar complaint against her. (7th Am. Pet. ¶ 33(c)). Defendants argue that the allegation does not support Connor's retaliation claim because it does not plausibly show that Plaintiff "suffer[ed] an injury that would chill" her speech. *See Keenan*, 290 F.3d at 258. The Court

7

agrees. Plaintiff alleges only that Defendants drafted a complaint against her. She does not allege that the complaint was ever filed, or that the State Bar of Texas took any action against her on account of the complaint. The only injury she appears to allege is the purportedly unlawful use of tax funds. To the extent Connor could claim this as an injury, it is clearly not the sort that would prevent a person of ordinary firmness from continuing to engage in speech. *See id.*

The Court concludes that Plaintiffs' new allegations, as amended, fail to adequately support Connor's claim under § 1983 and thus dismisses Connor's federal cause of action.

**2.    Plaintiffs' State Law Claims**

As to Plaintiffs' remaining claims, asserted under state law, this Court will again decline to exercise jurisdiction. Because these claims do not arise under federal law, and all of the parties are citizens of Texas, this Court would lack jurisdiction over these claims. Congress has authorized the exercise of supplemental jurisdiction over state law claims in certain circumstances in 28 U.S.C. § 1367. The statute provides, in pertinent part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). The Supreme Court "has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that derive from a common nucleus of operative fact, such that the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997). A district court may, however, decline to exercise supplemental jurisdiction over state claims if, among other grounds, the state claims "substantially predominate"

8

over the federal claims, or the district court has dismissed all the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(2)–(3).

The Court has concluded Connor's federal claim should once again be dismissed. As the Supreme Court has stated, "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000) (declining to exercise jurisdiction over supplemental state law claims following dismissal of all federal claims involved in case); *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998) (upholding dismissal of plaintiff's state law claims following grant of summary judgment on federal claims). In light of the dismissal of Plaintiffs' federal claims, this Court will decline to exercise supplemental jurisdiction. Accordingly, the state law claims against Defendants are properly remanded back to Texas state court.

2. **Plaintiffs' Motions to Supplement and to File Addendum**

Connor asserts that she obtained additional evidence of retaliation while her appeal was pending and after the removal of the instant suit back to this Court. She thus seeks leave to supplement her petition with new allegations and to attach the evidence to her opposition to Defendant's motion to dismiss.

Plaintiff's new evidence is an email sent by Defendant McCormick to Plaintiff's employer, Colonel Paladino, the executive director of the Texas Veterans Commission. (Defs.' Resp. to Mot. to File, Dkt. 26, Ex. A).[3] In it, McCormick complains of the continuing litigation waged by Plaintiffs against Defendants, stating that Plaintiffs' seven (as of that time) successive petitions had all been unsuccessful. (*Id.*). The message progresses to more personal attacks against Connor: that she is

---

[3] Connor has, without explanation, redacted from the email all references to her employer and to veterans. The Court therefore cites to the unredacted email submitted by Defendants.

"devious," has "no morals, no credibility, and no integrity," and that she has a vendetta against men. (*Id.*). McCormick then recommends that Paladino hire a different individual in place of Connor.

The message is certainly unflattering, but it falls squarely within the reasoning of the Court's prior order dismissing Connor's retaliation claim. (*See* Order, Cause No. 1:15-cv-1100, Dkt. 20, at 6). There, this Court held that the allegation that Defendants' signed a recall petition failed to show Defendants engaged in the conduct as state actors, rather than as private citizens, as is necessary to state a valid § 1983 claim. (*Id.*). "A purely private act," this Court noted, "is not considered to be done 'under color of' state law merely because the actor is a public official." (*Id.* (quoting *Smith v. Winter*, 782 F.2d 508, 512 (5th Cir. 1986)). Similarly, the email here was sent from McCormick's personal email address. In it, he identifies himself "[a]s a retired FBI executive," and nowhere references his position as director of the Lost Creek Municipal Utility District. He signs the email as "Chuck," and the signature block indicates his affiliation with a limited liability company called "The Austin Institute." The email clearly fails to support any allegation that McCormick acted under color of state law, rather than as a private individual, when he sent the email. *See Smith*, 782 F.2d at 512. It therefore would not save Connor's claim from dismissal.[4]

The Court therefore concludes that Connor's proposed amendment would be futile and therefore DENIES her motions to supplement her pleadings and response to Defendants' motion

---

[4] On April 24, 2017, Connor filed a supplement to her motion to amend. (*See* Dkt. 43). In the supplement, she argues that Defendants have endorsed the letter and ratified it by electing McCormick to preside over the Board. The purported endorsement is an argument in Defendants' brief that McCormick has a First Amendment right to criticize government employees such as Connor. Rather than an endorsement, this is a correct statement of law that individuals do not lose their First Amendment rights merely by virtue of holding public office. *See Smith*, 782 F.2d at 512. Additionally, it is absurd to suggest that voters ratify all private conduct of an individual simply by electing him to an office. The Defendants' decision to elect McCormick does not demonstrate that they even knew of McCormick's email, much less that they approved of the communication and the basis for it. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009).

to dismiss. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

**4.      Defendants' Motion for Sanctions**

Defendants seek sanctions against Plaintiffs pursuant to Rule 11. Defendants argue that Plaintiffs' claims lack any reasonable basis in law and that Connor has unreasonably and vexatiously multiplied the proceedings by joining herself as a Plaintiff in this action and raising claims that have nothing to do with those she initially brought on behalf of her client, McIntyre.

The Court declines to impose sanctions at this time. However, the record—including the tenor and content of emails exchanged between Connor and the Defendants—gives the Court the impression that the current litigation may be motivated as much or more by animosity between Connor and the Defendants than any legally cognizable injury Plaintiffs may have suffered. (*See, e.g.*, Dkt. 3-1, at 31–39). This suspicion is bolstered by Defendants' accusation that Connor has co-opted the lawsuit of her client to pursue her own personal grievances against Defendants, as well as her prior presentation of an objectively benign e-update as defamatory. (*See* Order, Cause No. 1:15-cv-1100, Dkt. 20, at 6–7). Connor's decision to reassert a claim—in the eighth iteration of her complaint—that is nearly identical to the one previously dismissed by this Court also raises questions about Connor's motivations in this litigation. So, too, does her decision to engage in motion practice to add allegations that are plainly insufficient in light of a prior order of this Court that had been affirmed by the Fifth Circuit.

In short, the Court is troubled by Connor's conduct in this litigation. Her status as a pro se plaintiff in this matter does not absolve her of her duties as an attorney admitted to the bar of this Court, and her conduct falls short of what this Court expects of its officers. While the Court will not impose sanctions at this time, should similar concerns arise if this matter is again before this Court, the Court will not hesitate to consider sanctions—whether on motion or on its own initiative.

Defendants' Motion for Sanctions is denied. (Dkt. 21).

5. **Remaining Motions**

In light of the Court's dismissal of Connor's federal claim and remand of the remaining state law claims, the Court dismisses the following motions as moot: Defendants' Opposed Motion to Dismiss State Law Claims, (Dkt. 25), Defendant's Opposed Rule 42(a) Motion to Consolidate, (Dkt. 28), Defendants' Unopposed Motion to Set Hearing, (Dkt. 33), and Plaintiffs' Opposed Motion to Order Mediation. (Dkt. 38).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendants' Motion to Dismiss. (Dkt. 5). Plaintiffs' claims under 42 U.S.C. § 1983 are dismissed. Plaintiffs' remaining claims are **REMANDED** to the 419th Judicial District Court of Travis County, Texas.

Defendants' Motion for Sanctions, (Dkt. 21), Plaintiffs' Amended Opposed Motion for Leave to Serve Supplemental Pleading, (Dkt. 23), Amended Motion for Leave to File Addendum to Plaintiff's Response to Defendants' Motion to Dismiss, (Dkt. 24), are **DENIED**.

Defendants' Opposed Motion to Dismiss State Law Claims, (Dkt. 25), Defendant's Opposed Rule 42(a) Motion to Consolidate, (Dkt. 28), Defendants' Unopposed Motion to Set Hearing, (Dkt. 33), and Plaintiffs' Opposed Motion to Order Mediation, (Dkt. 38), are **DISMISSED AS MOOT**.

**SIGNED** on April 25, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE